UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CR284 ERW NAB |
| | ) | |
| MILTON OHLSEN, III, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND SPEEDY TRIAL FINDING

This matter is before the Court on Defendant's Motion to Continue the Motion Deadline [Doc. #24] filed on July 25, 2011. In support of the Motion Defendant stated:

1. At defendant's initial appearance and arraignment in this matter, he was represented by the Office of the Federal Public Defender for the Eastern District of Missouri. Several days later, it was determined that an actual conflict existed in the continued representation of defendant by the Federal Public Defender's Office. Subsequently, counsel herein was appointed by the Court to represent defendant.

2. Over the past few weeks, counsel for defendant has received the government's discovery in this case. The discovery is voluminous. The discovery consists of over 1,100 pages of written documents, dozens of audio recordings, and several video recordings. The discovery documents and audio recordings reviewed by counsel thus far indicate numerous complex questions of law and evidentiary issues that may be raised by defendant.

3. Counsel herein had previously made arrangements to meet with defendant, who was in federal custody in the county jail in St. Charles, Missouri. Unfortunately, defendant was

subsequently transferred by the Marshal Service back into the custody of the Missouri Department of Corrections, and has been transferred to a Department of Corrections institution. Accordingly, defendant has been unavailable to meet with counsel.

      4. Counsel for defendant has learned that defendant has now been placed in Missouri Department of Corrections' custody in the institution in Pacific, Missouri. Counsel is making arrangements through the Department of Corrections to meet with defendant and begin the review of the government's discovery documents. Based upon previous experience in cases similar to defendant's, counsel anticipates that the review will take a considerable period of time.

      Defendant requested that the pretrial motion deadline previously set for July 22, 2011 be continued for sixty (60) days and the evidentiary hearing be continued.

      **IT IS HEREBY ORDERED** that Defendant's Motion to Continue the Motion Deadline [Doc. #24] is **GRANTED.** Defendant shall have to and including **September 26, 2011** to file any pretrial motions or waiver of motions. The government shall have until **October 3, 2011** to respond.

      **IT IS FURTHER ORDERED** that the evidentiary hearing set for **August 8, 2011** shall be continued until **October 11, 2011 at 10:00 a.m.**

      **IT IS FURTHER ORDERED** that the trial for this case is set for **November 7, 2011** at **8:30 a.m.** before the Judge Webber.

      <u>**Speedy Trial Finding:**</u> For the reasons set out in Defendant's motion, the Court finds that to deny Defendant's request for such additional time would deny counsel for Defendant the reasonable time necessary for effective investigation and preparation of pretrial motions, taking into account the exercise of due diligence, and that the ends of justice served by granting Defendant's request for additional time outweigh the best interest of the public and Defendant in

a speedy trial, and therefore, the time granted to Defendant to investigate and properly prepare pretrial motions, or a waiver thereof, is excluded from computation of Defendant's right to a speedy trial pursuant to 18 U.S.C. §§ 3161(c)(1) and 3161(h)(7).

        /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of August, 2011.